UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA | Case No. 19-cv-02237-HSG<br><br>**ORDER DENYING DEFENDANT INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 69 |

Pending before the Court is Defendant Insurance Company of the State of Pennsylvania's ("Pennsylvania" or "ICSOP") motion to dismiss the first, second and third causes of action in the Plaintiff City of Walnut Creek's (the "City") First Amended Complaint, for which briefing is complete. *See* Dkt. No. 69 ("Mot."), 75 ("Opp."), 76 ("Reply"). In the alternative, Pennsylvania moves for a more definite statement under Federal Rules of Civil Procedure 12(e) for the second and third causes of action. The Court **DENIES** Pennsylvania's motion.[1]

I. **BACKGROUND**

This action consists of two consolidated cases, *American Bankers Ins. Co. of Florida v. The City of Walnut Creek*, No. 19-cv-2237, and *The City of Walnut Creek v. Admiral Ins. Co. et al.*, No. 19-cv-3556. Both actions stem from three underlying actions: *Coleman et al v. City of Walnut Creek*, No. 03-3157 (Coleman I), *Garibian et al v. City of Walnut Creek*, No. 14-0777 (Garibian), and *Coleman et al. v. City of Walnut Creek*, 12-2997 (Coleman II). Underlying plaintiffs in those cases sued the City for its alleged failure to develop and maintain storm drains, which caused flooding and damage to their real property. The City settled each case. Dkt. No. 30 ¶¶ 10, 14 (First Amended Complaint or "FAC"). The City now alleges that its policies with

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. See Civ. L.R. 7–1(b).

Admiral Insurance Company, Travelers Indemnity Company, Pennsylvania, Atlanta International Insurance Company, American Bankers Insurance Company of Florida, Transcontinental Insurance Company (National Fire Insurance Company of Hartford is their successor-in-interest), and Columbia Casualty Company (collectively, "Insurers") for some period between 1974 to 1986 should indemnify all damages and fees. *Id.* ¶¶ 21–34.

The City asserts four causes of action against all Insurers: (1) declaratory relief regarding indemnification, (2) breach of contract for failure to indemnify, (3) breach of contract for refusal to accept settlement demand, and (4) breach of the implied covenant of good faith and fair dealing. *Id.* ¶¶ 35–57. As relevant here, the City's allegations as to Pennsylvania specifically state:

> 27. ICSOP and/or its predecessors in interests insured the City pursuant to one or more policies of umbrella liability. The policies included: at least ICSOP policy No. 4177-8136, which covered the City from 7/01/1977 to 7/01/1978 (the ICSOP Policy). The City alleges that the ICSOP Policy include terms under which ICSOP will pay on behalf of the City all sums which the City shall become legally obligated to pay as ultimate net loss due to injury or damage to property. The City further alleges that the ICSOP Policy includes terms under which ICSOP has a duty to defend all such claims against the City.
> 28. When the City became aware of these policies, on or about May 8, 2017[,] the City provided ICSOP with notice of the Lawsuits and requested that ICSOP defend and/or indemnify the City. ICSOP has failed and/or refused to provide the City with a defense and/or indemnity, has failed to reimburse the City for such costs, and continues to fail and/or refuse to do so. The City alleges the ICSOP's failure and/or refusal to provide the City with a defense and/or indemnity has caused the City to incur significant expenses in defending and settling the Lawsuits including but not limited to attorneys' fees, and for damages and that ICSOP's failure to reimburse the City could cause economic hardship to the City.

*Id.* ¶¶ 27–28.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Dismissal

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

2

a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### B. Rule 12(e) More Definite Statement

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and therefore cannot reasonably be expected to frame a proper response." *Sides v. Cisco Sys., Inc.*, No. 15-CV-03893-HSG, 2017 WL 4236960, at *7 (N.D. Cal. Sept. 25, 2017) (quoting *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. Aug. 2, 2011)). "[T]he motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Id.*

## III. ANALYSIS

### A. Motion to Dismiss

Pennsylvania first argues that the City's first cause of action for declaratory relief should be dismissed because it seeks to redress only a past wrong (in other words, the City fails to present an actual controversy) and "merely duplicates [the] breach of contract claim." Mot. at 6. Generally, the Declaratory Judgment Act allows a district court to "declare the rights and other legal relations of any party seeking such declaration, whether or not further relief is or could be sought," but only "[i]n a case of actual controversy." 28 U.S.C. § 2201(a). Granting declaratory relief is appropriate: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *McGraw–Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir. 1966). The Court rejects both of Pennsylvania's arguments.

First, the City presents an actual controversy in this case: the denial of coverage under the terms of the policy. Although Pennsylvania argues that the City seeks relief for a past wrong since the underlying lawsuits were settled, this argument contradicts controlling case law. The Ninth Circuit has "consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 n.2 (9th Cir. 1998). Second, at this stage, it is irrelevant whether the City's request for declaratory relief is duplicative of its breach of contract claim. The Declaratory Judgments Act specifically provides that a court may grant declaratory relief "whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Although Pennsylvania relies on district court cases to argue that declaratory relief duplicative of other claims should be dismissed, *see Ellena v. Standard Ins. Co.*, No. 12-5401 SC, 2013 WL 3200614, at *3 (N.D. Cal. June 24, 2013), the Court instead relies on the text of the statute, which specifically allows a plaintiff to seek declaratory relief regardless of other claims brought. Accordingly, Pennsylvania's motion to dismiss the City's first cause of action is **DENIED**.

Second, Pennsylvania argues that the City fails to state a claim for breach of contract for its

4

second and third causes of action. Mot. at 8–11. California law requires the following elements to state a claim for breach of contract: "the existence of the contract, performance by or excuse for nonperformance by the plaintiff, breach by the defendant, and damages." *First Comm'l Mortg. Co. v. Reece*, 108 Cal. Rptr. 2d 23 (Cal. Ct. App. 2001). "To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either in *haec verba* or according to legal effect." *Twaite v. Allstate Ins. Co.*, 264 Cal. Rptr. 598, 605 (Cal. Ct. App. 1989). But, this does not require a plaintiff to allege the terms of the contract verbatim or with exacting precision. *See James River Ins. Co. v. DCMI, Inc.*, No. C 11-06345 WHA, 2012 WL 2873763, at *3 (N.D. Cal. July 12, 2012). Instead, the Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The City sufficiently stated the terms of the ICSOP policy to put Pennsylvania on notice as to its claim. Specifically, the City identified the policy as "policy No. 4177-8136, which covered the City from 7/01/1977 to 7/01/1978." FAC ¶ 27. The City also alleged that Pennsylvania insured the City "pursuant to one or more policies of umbrella liability," with "terms under which ICSOP will pay on behalf of the City all sums which the City shall become legally obligated to pay as ultimate net loss due to injury or damage of property." *Id.* While Pennsylvania argues that the legal effect of the contract is not adequately explained, the City clearly identified the policy, it clearly alleged the provision it believes Pennsylvania breached ("duty to defend," *id.*), and it alleged the damages the City now seeks ("expenses in defending and settling the [underlying] Lawsuits," *id.* at ¶ 28). This meets the plain requirements of the Federal Rules.[2] Tellingly, the

---

[2] Pennsylvania also argues that the causes of action should be dismissed because the Amended Complaint fails to provide notice of the policies underlying the excess ICSOP policy. Mot. at 10–11. Because the City alleges it carried an excess policy, which "provide[s] coverage upon exhaustion of primary coverage," Pennsylvania argues that the City must detail the first layer of coverage. *Id.* at 10. Pennsylvania cites no precedent for such a requirement at the pleading stage. Whether the City can prove that the excess ICSOP policy was triggered by damages in excess of these policies is an issue properly addressed at the dispositive motion stage. At this stage, the Court must accept as true all factual allegations in the Complaint, and the Court finds that Plaintiffs have sufficiently met the requirements of Rule 8(a).

5

remaining Defendant Insurers filed answers to the amended complaint despite a similar level of detail in the City's allegations. *See e.g.*, Dkt. Nos. 52, 67. Pennsylvania's motion to dismiss the second and third causes of action is **DENIED**.

### B. Motion for More Definite Statement

In the alternative, Pennsylvania moves for a more definite statement under Rule 12(e). Mot. at 12. For the reasons noted above, the Court cannot say "the complaint is so indefinite that the [Pennsylvania] cannot ascertain the nature of the claim being asserted." *Sides*, 2017 WL 4236960, at *7. The motion for a more definite statement is **DENIED.**

### IV. CONCLUSION

Because the City sufficiently states a claim for declaratory relief and breach of contract, the Court **DENIES** Pennsylvania's motion to dismiss, or in the alternative, motion for a more definite statement.

**IT IS SO ORDERED.**

Dated: 1/13/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge