BRUCE D. CELEBREZZE, State Bar No. 102181
*bruce.celebrezze@clydeco.us*
JASON J. CHORLEY, State Bar No. 263225
*jason.chorley@clydeco.us*
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Defendants
THE TRAVELERS INDEMNITY COMPANY,
THE PHOENIX INSURANCE COMPANY, and
THE CHARTER OAK FIRE INSURANCE
COMPANY (all erroneously sued as Travelers
Indemnity Company and Travelers Casualty and
Surety Company)

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA | Case No. 4:19-cv-02237-HSG [Consolidated with 4:19-cv-03556-HSG] |
| CITY OF WALNUT CREEK,<br>Plaintiff,<br>v.<br>ADMIRAL INSURANCE COMPANY, a corporation; TRAVELERS INDEMNITY COMPANY AND TRAVELERS CASUALTY AND SURETY COMPANY, a corporation; ATLANTA INTERNATIONAL INSURANCE COMPANY, formerly known as DRAKE INSURANCE COMPANY OF NEW YORK, a corporation; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a corporation; AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a corporation; TRANSCONTINENTAL INSURANCE COMPANY, a corporation; COLUMBIA CASUALTY COMPANY, a corporation; and DOES 1 through 49, inclusive,<br>Defendants. | **STIPULATION AND [PROPOSED] ORDER OF ALL PARTIES REQUESTING CONTINUANCE OF TRIAL DATE AND OTHER DATES CURRENTLY SET FORTH IN THE COURT'S SCHEDULING ORDER [DOC 51]** |

- 1 -

The parties jointly request that the Court modify the Pretrial Schedule for good cause. FRCP 16(b)(4). All parties, having met and conferred through counsel of record, respectfully request changes to the Court's Scheduling Order (Doc 51). The immediate need for this request arises principally from the current COVID-19 outbreak and the challenges that this has imposed on the parties, particularly in the area of concluding necessary discovery ahead of the deadline for the filing of dispositive motions.

The undersigned, constituting all the parties appearing in this action, through undersigned counsel of record hereby stipulate to continue the Final Pretrial Conference from October 13, 2020 to January 12, 2021; and further stipulate to continue Trial from November 2, 2020 to February 1, 2021, or according to the Court's convenience and availability. Other future scheduled dates have proposed modified dates commensurate with these changes. The full list of scheduled dates and proposed new dates are set forth below:

**A.     Proposed Alternative Dates for Scheduling Order.**

**Remaining Event Dates per Current Scheduling Order (Doc 51):**

Expert Designation: **May 25, 2020**

Exchange Rebuttal Designation: **June 24, 2020**

Dispositive Motion Hearing Deadline: **July 16, 2020 at 2:00 p.m.**

Close of Fact Discovery: **August 3, 2020**

Pretrial Conference: **October 13, 2020 at 3:00 p.m**.

Five Day Jury Trial: **November 2, 2020 at 8:30 a.m.**


**Requested Event Dates per Stipulation of Parties:**

Expert Designation: **August 24, 2020**

Exchange Rebuttal Designation: **September 23, 2020**

Dispositive Motion Hearing Deadline: **October 15, 2020 at 2:00 p.m.**

Close of Fact Discovery: **November 3, 2020**

Pretrial Conference: **January 12, 2021 at 3:00 p.m.**

Five Day Jury Trial: **February 1, 2021 at 8:30 a.m.**

Thus, the proposed new Scheduling Order dates reflect effectively a three-month continuance of the currently applicable dates.

**B.    Statement of Good Cause for Requested Continuance of Trial and Related Dates.**

The parties request these changes to the Scheduling Order for several reasons:

1. The COVID-19 outbreak and consequent lockdowns have created insuperable logistical obstacles to conducting meaningful discovery in the remaining time allotted under the current Scheduling Order. These obstacles include:
   a. The lack of access to offices and documents prevent parties from conducting all necessary document discovery before the impending discovery deadline.
   b. Lack of access to in-person meetings make preparing for depositions difficult or impossible.
   c. The inability to conduct in-person events makes it difficult or impossible to attend depositions, both for witnesses and attorneys.
   d. Parties that need to plan to defend depositions will be prejudiced in their ability to do so if they cannot meet with their clients in person both before and during depositions.
   e. Parties intending to take depositions will be prejudiced in their inability to do so within the time needed to complete discovery and bring or oppose any dispositive motions.
   f. The same obstacles presented with respect to discovery generally apply with equal, or even greater, force with respect to expert discovery.  Exchange of documents and conducting of depositions is impeded by the current emergency restrictions, without prejudice to the parties and undue burden on the parties and counsel.

2. The parties participated in mediation on April 14, 2020, and the City and one of the insurers, Atlanta International Insurance Company effectively settled on April 30, 2020, after lengthy negotiations, causing additional delays.

3. The parties anticipate that restrictions on their ability to complete discovery and bring dispositive motions will lessen over the coming months and believe that the new dates proposed reflect a good-faith estimate of the amount of additional time needed in this case.

4. The parties further agree that, if the current deadlines remain effective, particularly those with respect to discovery and dispositive motions, various discovery disputes will have to be brought before the Magistrate Judge for resolution quickly; and many, if not all, such disputes may be avoided with the additional time provided by the proposed continuance.

Respectfully submitted,

DATED: May 22, 2020     **CNA COVERAGE LITIGATION GROUP**

By: */s/ Edward J. Tafe*
EDWARD J. TAFE

Counsel for Defendants NATIONAL FIRE INSURANCE COMPANY OF HARTFORD and COLUMBIA CASUALTY COMPANY

DATED: May 22, 2020     **BROWN & WINTERS**

By: */s/ Wentzelee Botha*
WENTZELEE BOTHA
RYAN D. DROBEK

Counsel for Plaintiff CITY OF WALNUT CREEK

| | | |
|---|---|---|
| 1 | Dated: May 22, 2020 | **NIXON PEABODY LLP** |

By: */s/ Dawn N. Valentine*
    Matthew A. Richards
    Dawn N. Valentine
    Attorneys for Defendant
    INSURANCE COMPANY OF THE
    STATE OF PENNSYLVANIA

Dated: May 22, 2020    **TITTMAN WEIX LLP**

By: */s/ Edward J. Valdespino*
    Raymond J. Tittmann
    Edward J. Valdespino
    Christina M. Roberto

    Attorneys for Defendant
    AMERICAN BANKERS INSURANCE
    COMPANY OF FLORIDA

DATED: May 22, 2020    **WALSH MCKEAN FURCOLO LLP**

By: */s/ James T. Derfler*
    James T. Derfler, Esq.
    Attorneys for Defendant
    ADMIRAL INSURANCE COMPANY

DATED: May 22, 2020    **CLYDE & CO US LLP**

By: */s/ Jason J. Chorley*
    Bruce D. Celebrezze
    Jason J. Chorley
    Attorneys for Defendants
    THE TRAVELERS INDEMNITY
    COMPANY, THE PHOENIX INSURANCE
    COMPANY, and THE CHARTER OAK
    FIRE INSURANCE COMPANY

## ATTESTATION PER LOCAL RULE 5-1(i)(3)

The e-filing attorney hereby attests that concurrence in the filing of the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e-filed document.

DATED: May 22, 2020           **CLYDE & CO US LLP**

By: */s/ Jason J. Chorley*
    Bruce D. Celebrezze
    Jason J. Chorley
    Attorneys for Defendants
    THE TRAVELERS INDEMNITY COMPANY, THE PHOENIX INSURANCE COMPANY, and THE CHARTER OAK FIRE INSURANCE COMPANY

## ~~PROPOSED~~ ORDER

**IT IS SO ORDERED.**

DATED:    5/26/2020             */s/ Haywood S. Gilliam, Jr.*
                                       HON. HAYWOOD S. GILLIAM, JR.