UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA | Case No. 4:19-cv-02237-HSG   (KAW)<br><br>**ORDER REGARDING 7/6/20 JOINT LETTER RE LOSS RESERVE INFORMATION**<br><br>Re: Dkt. No. 122 |

On July 6, 2020, Plaintiff Walnut Creek and Defendant The Insurance Company of the State of Pennsylvania ("ICSOP") filed a joint letter regarding the discoverability of reserve information. (Joint Letter, Dkt. No. 122.) On January 6, 2020, Plaintiff propounded Interrogatory No. 14, as well as a corresponding Request for Production No. 4. *Id.* at 2. Plaintiff is also requesting this information in its amended deposition notice to ICSOP. *Id.*

Interrogatory No. 14 asks Defendant to state if it "set a reserve for the CLAIM, and if so, identify the reserve set, the date the reserve was set and all documentation that YOU relied on in setting that reserve." (Joint Letter at 2.) In response, Defendant objected on the grounds that the interrogatory is compound, that the information sought is not relevant, that it is overbroad and unduly burdensome, and that the interrogatory seeks information protected by the attorney-client privilege and the work product doctrine. (Joint Letter, Ex. A at 2.) Defendant declined to provide any responsive information notwithstanding the objections. As an initial matter, the Court agrees that the interrogatory is compound and sustains Defendant's objection.

Request No. 4 seeks "All DOCUMENTS, including, but not limited to, the complete copy(ies) of the claims file(s) maintained by YOU RELATING TO the UNDERLYING ACTIONS, including, but not limited to the following: … (c) Loss reserves pertaining to the

1  UNDERLYING ACTIONS." (Joint Letter at 2.)  Defendant objected on the grounds that the
2  request was vague and ambiguous, that it seeks documents protected by attorney-client privilege
3  and/or the work product doctrine, and that the information is not relevant. (Joint Letter, Ex. B at
4  3.)  Defendant responded that it would produce the portions of the claim file that was not
5  privileged, and would produce proprietary and confidential documents, if any, pursuant to
6  protective order. *Id.* Defendant did not, however, produce any documents pertaining to the reserve
7  information. (Joint Letter at 2.)

8      Plaintiff again argues that loss reserve information cannot be deemed irrelevant pursuant to
9  California Civil Procedure § 2017(a), and cites *Lipton v. Superior Court*, 48 Cal. App. 4th 1599,
10 1605 (1996), in support of that proposition. (Joint Letter at 5.)  Plaintiff's reliance on *Lipton* for
11 this proposition remains misplaced, because the scope of discovery under the California Code of
12 Civil Procedure is significantly broader than the scope under the Federal Rules of Civil Procedure.
13 *See Bernstein v. Travelers Ins. Co.,* 447 F. Supp. 2d 1100, 1106 (N.D. Cal. 2006).  Furthermore,
14 Plaintiff is misstating *Lipton*, which only found that loss reserve information "may or may not be
15 relevant in a subsequent bad faith action, depending on the issues presented." *Lipton*, 48 Cal. App.
16 4th at 1614.  To the contrary, relevancy turns on whether the information sought relates to the
17 allegations that Plaintiff claims give rise to bad faith. *Bernstein v. Travelers Ins. Co.*, 447 F. Supp.
18 2d at 1107.

19     Plaintiff contends that the information is relevant to show the state of mind of the claims
20 handler at the time the claim was received, and that "it may show whether a potential for coverage
21 existed and the subsequent actions that were taken." (Joint Letter at 5.)  Plaintiff's position suffers
22 from the same deficiency as its position set forth in the May 14, 2020 joint letter. (*See* Order
23 Regarding 5/14/2020 Joint Letter, Dkt. No. 134.)  Namely, Plaintiff has failed to articulate how
24 the loss reserve information is potentially connected to its bad faith theory of liability. This is the
25 second joint letter regarding discovery pertaining to the bad faith theory, and the undersigned still
26 does not know what the factual allegations are.  As a result, the Court cannot determine whether
27 the loss reserve information is relevant, and it is not required to scour the record to identify
28 allegations that Plaintiff has failed to provide within the confines of the joint letter process.  Thus,

United States District Court
Northern District of California

2

Plaintiff has failed to meet its burden under Rule 26.

Accordingly, Defendant is not ordered to supplement its response to Interrogatory No. 14 or produce loss reserve documents in response to Request for Production No. 4.

Finally, during this extraordinary time, the parties are strongly encouraged to endeavor to resolve their disputes without court intervention to conserve limited judicial resources.

IT IS SO ORDERED.

Dated: August 17, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge